UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kayla Jessee,                                             Case No. 3:21-cv-1399

        Plaintiff,

v.                                                        MEMORANDUM OPINION
                                                          AND ORDER

Erie County Auditor,

        Defendant.

## I.  INTRODUCTION

Defendant Erie County Auditor seeks summary judgment on all claims asserted by Plaintiff Kayla Jessee.  (Doc. No. 17).  Jessee filed a brief in opposition, (Doc. No. 19), and Erie County Auditor filed a brief in reply.  (Doc. No. 21).  For the reasons stated below, I grant the motion for summary judgment.

## II.  BACKGROUND

On February 18, 2020, Kayla Jessee began working as an Income Maintenance Worker for Erie County Job and Family Services[1] ("Erie County JFS"), where she was responsible for processing applications for various public benefits programs.  Her position was subject to a six-month probationary period which was initially set to end on August 17, 2020.  (Doc. No. 15 at 6).

---

[1] The case caption of the Complaint lists "ERIE COUNTY AUDITOR Erie County Job and Family Services" as the Defendant, while the body of the Complaint refers only to Erie County JFS.  (Doc. No. 1 at 1).  Thus, while the Erie County Auditor is listed as the Defendant on the docket, the substance of Jessee's claims involves Erie County JFS and Erie County JFS (or more precisely, Erie County Auditor on behalf of Erie County JFS) has not objected to the Complaint on this basis.

Approximately one month after she began work, the Covid-19 pandemic began, forcing many government agencies, including Erie County JFS, to close their doors to the public.

Erie County JFS permitted employees to work remotely if their job responsibilities permitted that type of work.  Jessee and several other Income Maintenance Workers chose to work from home.  Jessee, in particular, was concerned for the health of her son, who was considered to be at high risk of suffering serious consequences from a Covid-19 infection due to a preexisting heart condition.  (Doc. No. 14 at 11-12).  While Jessee was able to continue with much of her job training through online video calls, there were some training tasks she was unable to complete.  As a result, on August 3, 2020, her probationary period was extended for an additional two months, until October 2020.  (*See* Doc. No. 13 at 10; Doc. No. 14 at 23).  Erie County JFS acknowledges the extension of her probationary period was not related to her job performance up to the time of the extension.  (Doc. No. 13 at 10).

Erie County JFS had reopened to the public on July 13, 2020.  Jessee returned to the office full-time approximately a week later because she had been in close contact with someone who tested positive for Covid-19.  After returning to the office, Jessee took paid and unpaid time off work in August 2020 due to her and her son's medical needs as well as to move to a new residence.  (Doc. No. 13 at 13-15).  There is no dispute that these absences were documented, preapproved, or both.

Around the end of August 2020, Erie County JFS implemented a program through which employees could apply to work remotely for some or all of their work week in order to accommodate virtual schooling for employees' school-aged children.  (Doc. No. 14-10).  Jessee applied for this program, but her application was denied because she did not meet the program eligibility requirements.  While there was subsequent discussion about what Jessee could do to obtain approval to work remotely, she ultimately did not submit another application for the program.  (Doc. No. 14 at 20-22).

2

Jessee continued with her job training in person in August and September 2020. She required the use of additional paid and unpaid leave for medical conditions and appointments in September 2020. Around the same time, Erie County JFS began to raise concerns about Jessee's attendance and work schedule, as well as her progress in training. (Doc. No. 13 at 7-8). Eventually, Erie County JFS determined Jessee would not be able to successfully complete her training within her probationary period and that she would not be offered a full-time position. (Doc. No. 15 at 20-21).

On October 9, 2020, Jessee attended a meeting with her supervisor and the director and deputy director of Eric County JFS. After being informed she either could resign in lieu of termination or be terminated, Jessee handwrote a resignation letter. (Doc. No. 14 at 28; Doc. No. 14-2; Doc. No. 15 at 21).

Jessee then filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue letter. (Doc. No. 1-3). She subsequently filed suit, asserting claims under Ohio and federal law for disability discrimination.

### III.  STANDARD

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### IV.    ANALYSIS

Erie County Auditor offers two lines of argument in support of its motion for summary judgment.  The first is the Complaint does not name proper parties.  (Doc. No. 17 at 18-19).  The second is that the record does not contain sufficient evidence from which a jury could find in Jessee's favor on either of her claims.  (*Id.* at 19-27).

Erie County Auditor contends Jessee's claims against the Auditor's Office must be dismissed because, while it has been named as a defendant, Jessee does not allege in the Complaint that Erie County Auditor engaged in any conduct relevant to her claims.  (Doc. No. 17 at 18-19).  Jessee does not dispute this contention and she does not point to any evidence in the record which might support a claim against Erie County Auditor.  (*See* Doc. No. 19 at 10).  Therefore, I conclude Erie County Auditor is entitled to judgment in its favor on all claims stated in the Complaint and grant the motion for summary judgment on this basis.

Next, Erie County Auditor argues Jessee's claims against Erie County JFS must be dismissed because Ohio law does not permit that agency to sue or be sued.  (Doc. No. 17 at 19 ("As . . . Erie County JFS . . [is an] agenc[y] of Erie County, [it is] not *sui juris*, meaning it cannot be sued in its own right.")).  I agree and grant the motion for summary judgment as to Erie County JFS on this basis.

Whether a party like Erie County JFS is capable of suing or being sued in federal court is determined "by the law of the state where the court is located."  Fed. R. Civ. P. 17(b)(3).  Under Ohio law, unchartered counties (a category which indisputably includes Erie County) are not capable of being sued.  *See Estate of Fleenor v. Ottawa Cnty.*, 208 N.E.3d 783, 786 (Ohio 2022).  And, by extension, county agencies within unchartered counties also lack the capacity to sue or be sued.  *See, e.g., Hill v. Vill. of Hamler*, No. 3:18-cv-2726, 2019 WL 4813002, at *3 (N.D. Ohio Sept. 30, 2019);

*Lowe v. Hamilton Cnty. Dep't of Job & Fam. Servs.*, No. 1:05CV117, 2008 WL 816669, at *2 (S.D. Ohio Mar. 26, 2008).

Jessee appears to concede that Erie County JFS is not a proper party under Ohio law. (Doc. No. 19 at 10). But she argues her claims should be construed as though she had named the Erie County Board of Commissioners as a defendant.[2] (*Id.*). She further argues that courts which hold county agencies may not be sued nonetheless will typically construe claims against county agencies as though they were made against the county itself. (*Id.*). She contends I should analyze the motion for summary judgment as though the Board of Commissioners was a named defendant and, if I deny the motion, "substitute Erie County through its board of commissioners as the Defendant by interlineation." (*Id.*).

Jessee's arguments are not persuasive. It is well settled that a plaintiff may not amend the complaint through a brief opposing a defendant's Rule 56 motion; instead, Rule 15 governs motions to amend the complaint. *See, e.g., Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 789 (6th Cir. 2005); *Desparois v. Perrysburg Exempted Vill. Sch. Dist.*, 455 F. App'x 659, 666 (6th Cir. 2012). Moreover, this issue came to light long ago, as Erie County Auditor included the affirmative defense that "Erie County Job and Family Services is [not] *sui juris* and not a correct legal entity capable of being sued" in its Answer to the Complaint. (Doc. No. 7 at 16). I decline to consider Jesse's request to amend by interlineation because it is procedurally improper and the facts which form the basis for her request were known to her for at least 17 months before Erie County Auditor filed its summary judgment motion. *Tucker*, 407 F.3d at 789.

Moreover, while some courts may have considered a plaintiff's claims against a county agency as though they were properly pled against the county commissioners, those courts did so

---

[2] Ohio law provides that a "board of county commissioners may sue and be sued . . . in any court." Ohio Rev. Code § 305.12.

5

either prophylactically or under different factual circumstances than those present in this case. For instance, Jessee cites *Pulse v. Gale*, No. 3:16-cv-91, 2016 WL 1704312 (N.D. Ohio Apr. 27, 2016), a case in which my colleague, Judge Jack Zouhary, dismissed the plaintiff's claims against the Erie County Common Pleas Court, the Erie County Adult Probation Department, and the Sandusky Police Department because those agencies are not capable of being sued under Ohio law.[3] *Id.* at *2. Judge Zouhary also ruled the plaintiff's claims would be subject to dismissal even assuming the plaintiff had named the proper defendants. *Id.* at *3 ("These claims fail <u>even if construed</u> against the proper parties.") (emphasis added). But nothing in *Pulse* suggests that a court is required to ignore the dispositive issue of improper parties and to proceed to consider the plaintiff's claims on their merits.

Jessee also cites *Wilson v. Trumbull County Department of Job & Family Services*, No. 4:12-cv-2163, 2013 WL 5820276 (N.D. Ohio Oct. 29, 2013), in support of this argument. But the plaintiffs in *Wilson* already had named the county commissioners as defendants. *See id.* at *4 ("Plaintiffs have named Trumbull County Commissioners Polivka, Heltzel and Fuda as defendants and the Court will construe their claims against the County as against these Defendants."). Jessee did not do so. Therefore, *Wilson* provides her no help.

It is true that the court in *Lowe* permitted the plaintiff to amend her complaint to name the county commissioners as defendants instead of the Hamilton County Department of Job and Family Services. *Lowe*, 2008 WL 816669, at *2-3. But the plaintiff <u>had</u> initially named the county commissioners as defendants in her original complaint before omitting the commissioners from her first amended complaint. *Id.* at *3. The court concluded, under the circumstances, that the plaintiff

---

[3] The plaintiff's claims in *Pulse* arose under 42 U.S.C. § 1983, rather than the ADA. *See Pulse*, 2016 WL1704312, at *3.

had not intended to dismiss the commissioners from the litigation and that the commissioners also had fair notice of the plaintiff's claims from the outset of the litigation. *Id.*

Those circumstances are not present in this case, where the Erie County Board of Commissioners was never named as a defendant. Jessee fails to support her assertion that the Board of Commissioners would not be prejudiced if it was substituted as a Defendant at this late date, merely because Erie County JFS engaged in the discovery process up to this point. *See Desparois*, 455 F. App'x at 666-67 (court does not err by declining to address a "bare request to amend" presented in a brief opposing summary judgment). Therefore, I conclude Erie County JFS is not a proper party to this litigation and grant the motion for summary judgment on that basis.

## V. CONCLUSION

For the reasons stated above, I grant the motion for summary judgment. (Doc. No. 17).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

7